LETTS, Judge.
In response to a question concerning the defendant’s propensity for violence, the victim was permitted to testify that the defendant had a reputation for “ripping off and robbing people.” This testimony was in error and we reverse.
The State argues that this evidence of the defendant’s character was adduced in *79 response to the defendant’s own previous testimony that he was in fact the victim and that it was the witness for the prosecution who had in reality committed the robbery with a deadly weapon. As the State sees it, the defendant’s testimony was tantamount to putting his own good character in issue so that the character testimony of the victim would be admissible. We are of the opinion that the foregoing factual circumstances do not adequately demonstrate that the defendant put his good character in issue simply because he denied that he committed the crime and fingered someone else as the perpetrator thereof. See Ehrhardt, Florida Evidence 2nd Edition § 404.5 and Dixon v. State, 426 So.2d 1258 (Fla. 2d DCA 1983).
As a secondary issue, the state concedes that although the defendant was charged with and convicted of robbery with a deadly weapon, the record contains no evidence that the defendant had taken any property of value. As a consequence, pursuant to section 924.34, Florida Statutes (1985), even if we were otherwise affirming this cause, it would have to be remanded for the entry of a judgment for the lesser offense of attempted robbery.
REVERSED AND REMANDED FOR A NEW TRIAL.
DOWNEY and STONE, JJ., concur.